**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES | | CRIMINAL ACTION |
|---|---|---|
| v. | | |
| DELGARDO FRAZER, also known as "RICK" | | NO.  19-110 |

DuBois, J.                                                                 May 11, 2020

**M E M O R A N D U M**

## I.   INTRODUCTION

Defendant Delgardo Frazer has been charged with possession with intent to distribute 40 grams or more of fentanyl and acetyl fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count One), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three), and conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count Four).  He is currently detained, awaiting trial, at the Federal Detention Center in Philadelphia ("the FDC").  Presently before the Court is Defendant's First Motion for Pretrial Release pursuant to 18 U.S.C. § 3142(i).  The motion is denied because, after balancing the reasons Frazer advances for temporary release against his risk of flight and danger to the community, the Court concludes that defendant has failed to provide a compelling reason for temporary release under 18 U.S.C. § 3142(i).

## II.   BACKGROUND

The record on which the decision of the Court is based was agreed to by the parties, through counsel, in telephone conferences on May 1st and 7th 2020.  It consists of: a report from Alisha Gallagher, counsel for the Bureau of Prisons, dated May 11, 2020; Frazer's Medical

Record from the Bureau of Prisons; Frazer's Conviction Documents, dated January 24, 2005; the

Pretrial Services Report dated February 6, 2019; and Frazer's medical records provided by

defense counsel.[1]

On February 12, 2019, following an evidentiary hearing, Magistrate Judge Richard Lloret

concluded that there is probable cause to believe that Frazer violated 21 U.S.C. § 841(a)(1),

(b)(1)(B); 18 U.S.C. §§ 922(g) and 924(c).  Pretrial Detention Order at 1 (Document No. 11,

filed Feb. 12, 2019).  Frazer is therefore subject to a rebuttable presumption that "no condition or

combination of conditions will reasonably assure the appearance of the person as required and

the safety of the community."  18 U.S.C. § 3142(e)(3)(A), (B).  Judge Lloret also found that (1)

the government proved by a preponderance of the evidence that no condition or combination of

conditions will reasonably assure the appearance of the defendant as required; and (2) the

government proved by clear and convincing evidence that no condition or combination of

conditions will reasonably assure the safety of other persons and the community, as required by

18 U.S.C. § 3142(e).  Pretrial Detention Order at 1.  Accordingly, Judge Lloret ordered that

Frazer be detained prior to trial.[2]  Pretrial Detention Order at 4.

On February 21, 2019, the grand jury returned an indictment charging Frazer with

possession with intent to distribute 40 grams or more of fentanyl and acetyl fentanyl, in violation

---

[1]        The Court did not conduct a hearing on Frazer's motion for temporary release because it is not required under 18 U.S.C. § 3142(i).  *United States v. Veras*, No. 3:19-CR-010, 2020 WL 1675975, at *2 n.1 (M.D. Pa. Apr. 6, 2020) ("The Court is unaware of any authority that provides a defendant with a right to a hearing when he seeks temporary release under § 3142(i), and the Court is able to resolve the motion without a hearing or oral argument."); *See United States v. Pritchett*, No. CR 19-280, 2020 WL 1640280, at *2 (W.D. Pa. Apr. 2, 2020) (resolving motion for temporary release under 18 U.S.C. § 3142(i) without a hearing or oral argument).  Frazer, through counsel, stated that a hearing was not necessary based on the state of the record at the time of the telephone conferences on May 1st and May 7th 2020.  Since those conferences, the only changes in the record relate to the submission of evidence of Frazer's prior conviction, Frazer's medical records provided by defense counsel, and the negative results of contact investigations of the three staff members who tested positive for COVID-19 at the FDC.
[2]        Although not mentioned in Judge Lloret's Pretrial Detention Order dated February 12, 2019, Frazer stipulated to pretrial detention.  Bail Status & Order (Document No. 10, filed February 12, 2019).

of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count One), possession of a firearm in furtherance of a

drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), and possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three).  Indictment

(Document No. 12).  Later, the grand jury returned a Superseding Indictment adding Count Four,

conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B).  Superseding Indictment (Document No. 26, filed June 13, 2019).

Frazer faces a mandatory minimum sentence of 10 years' incarceration, a statutory

maximum of life imprisonment, and a Federal Sentencing Guidelines range of approximately

151-188 months incarceration.  Gov. Opp. at 1.  Regarding criminal history, Frazer was

previously convicted of Solicitation of Possession of Marijuana for Sale in state court in Arizona

in 2005 and was sentenced to four months incarceration and 3 years' probation.  Frazer's

Conviction Documents (Jan. 24, 2005).  Additionally, Frazer, who is not a United States citizen,

is subject to an active deportation order, which was affirmed by the Court of Appeals for the

Ninth Circuit.  *Id.*; *see also* Def. Mot. ¶ 19 (stating that defendant is not a United States citizen

and is subject to an "ICE detainer").  Frazer is currently detained at the FDC, awaiting trial,

which is scheduled for June 15, 2020.  Ct. Order (Document No. 50, filed Dec. 18, 2019).

During Frazer's detention, Pennsylvania and the rest of the country have been beset by an

unprecedented global pandemic triggered by COVID-19, a highly contagious respiratory virus

caused by a novel strain of coronavirus.  *See United States v. Ortiz*, No. 1:18-CR-00134, 2020

WL 1904478, at *2 (M.D. Pa. Apr. 17, 2020) (describing COVID-19 and its effects); *see also*

*United States v. Stevens*, No. CR 19-350-02, 2020 WL 1888968, at *1 (E.D. Pa. Apr. 16, 2020)

(DuBois, J.).  "COVID-19 spreads through respiratory droplets produced when an infectious

person, even those who are asymptomatic, talks, coughs, or sneezes."  *United States v. Salley*,

No. 19-688, slip op. at 5 (E.D. Pa. Apr. 28, 2020).  The virus has already killed more Americans than the Vietnam War[3] and the death toll continues to rise daily.[4]  The Centers for Disease Control and Prevention ("the CDC") has advised that people who have moderate to severe asthma "might be at higher risk for severe illness from COVID-19."

Frazer has presented evidence that he suffers from asthma and sleep apnea.  Based upon a review of Frazer's medical records, it is unclear that Frazer has "[m]oderate-to-severe asthma." Coronavirus Disease (COVID-19), At Risk for Severe Illness, Asthma (moderate-to-severe), Centers for Disease Control & Prevention (last accessed May 7, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html ("Moderate-to-severe asthma may put people at higher risk for severe illness from COVID-19."). Nonetheless, the Court will assume for the purposes of this motion that Frazer might be at higher risk for severe illness from COVID-19 due to his asthma.[5]

In response to the COVID-19 pandemic, the Federal Bureau of Prisons ("the BOP"), which operates the FDC, has implemented a number of procedures to protect the inmate population and staff from COVID-19.  "These procedures include suspension of visitation, limiting inmate movement, screening all persons who enter the facility, quarantining all new commitments to our facility and modified operations within the housing unit to maximize social distancing along with providing masks to inmates and staff when social distancing in not

---

[3]     David Welna, *Coronavirus Has Now Killed More Americans Than Vietnam War*, National Public Radio (Apr. 28, 2020) https://www.npr.org/sections/coronavirus-live-updates/2020/04/28/846701304/pandemic-death-toll-in-u-s-now-exceeds-vietnam-wars-u-s-fatalities (reporting that 58,365 Americans died from COVID-19 as of the date of publication).
[4]     Coronavirus (COVID-19), Cases in the US, Centers for Disease Control & Prevention (last updated May 10, 2020) https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (reporting 78,771 deaths from COVID-19 with 1,737 new deaths compared to the day before).
[5]     Sleep apnea is not listed by the CDC as a serious underlying medical condition that could increase a person's risk for severe illness from COVID-19.  Coronavirus Disease (COVID-19), At Risk for Severe Illness, Centers for Disease Control & Prevention (last accessed May 7, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

possible."  Report Alisha Gallagher, counsel for the Bureau of Prisons, (May 11, 2020)

[hereinafter Gallagher Report]; *see also* Federal Bureau of Prisons COVID-19 Action Plan, Fed.

Bureau of Prisons (last updated Mar. 13, 2020),

https://www.bop.gov/resources/news/20200313_covid-19.jsp (detailing BOP's modified

operations to mitigate the spread of COVID-19).

As of May 11, 2020, the BOP has reported that no inmates at the FDC have tested

positive for COVID-19.  Gallagher Report.  However, three staff members have tested positive

for COVID-19.  *Id.*  In response, the BOP conducted "[c]ontact investigations" of the three staff

members, and based on those investigations, the BOP reported that "it is not believed the staff

members had contact with Mr. [Frazer]."  *Id.*

On April 25, 2020, Frazer filed a motion for pretrial release, requesting that the Court

temporarily release him from the FDC pursuant to 18 U.S.C. § 3142(i).  Def. Mot. ¶¶ 4-5.  Frazer

argues that he should be placed in home confinement with his wife in Surprise, Arizona, because

his asthma and severe sleep apnea place him at higher risk of serious illness or death should he

contract COVID-19, and that the conditions at the FDC increase the likelihood that he will

contract COVID-19.  Def. Mot. ¶¶ 3, 5-6, 13-15.  The Government responded on April 13, 2020

(Document No. 57).  Frazer filed a reply on May 5, 2020 (Document No. 58).  The motion is

thus ripe for decision.

## III.   DISCUSSION

In his motion, Frazer asserts that he should be temporarily released pursuant to 18 U.S.C.

§ 3142(i) in light of COVID-19.  Def. Mot. ¶ 5.  Section 3142(i) of the Bail Reform Act states

that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, .

. . to the extent that the judicial officer determines such release to be necessary for preparation of

the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  A defendant bears

the burden of establishing a "compelling reason" warranting temporary release under § 3142(i).

*United States v. Wilburn*, No. 2:18-CR-115, 2020 WL 1899146, at *2 (W.D. Pa. Apr. 17, 2020);

*United States v. Sisk*, No. 3:19-CR-04, 2020 WL 1953613, at *3 (M.D. Pa. Apr. 23, 2020).  "In

considering whether there is a 'compelling reason' for a defendant's release under this provision,

however, a court must 'balance the reasons advanced for such release against the risks that were

previously identified and resulted in an order of detention.  In turn, whether temporary release

under § 3142(i) is proper requires the individualized analysis of the facts of each case.'"  *United

States v. Gumora*, No. 20-CR-144 (VSB), 2020 WL 1862361, at *5 (S.D.N.Y. Apr. 14, 2020);

*United States v. Robinson*, No. 19-371, slip op. at 4 (E.D. Pa. Apr. 21, 2020) (citing *Gumora*,

2020 WL 1862361, at *5); *see also United States v. Deshields*, No. 1:19-CR-00099, 2020 WL

2025377, at *3 (M.D. Pa. Apr. 27, 2020) ("[T]he court must make an individualized

determination as to whether COVID-19 concerns present such a compelling reason in a

particular case that temporary release is necessary.").  Accordingly, the Court will first analyze

Frazer's presumptive pretrial detention under § 3142(e) before addressing Frazer's reasons for

temporary release pursuant to § 3142(i).

### A.  Frazer is Subject to Presumptive Pretrial Detention Under 18 U.S.C. § 3142(e)

As discussed *supra*, Frazer is subject to a presumption of pretrial detention because Judge

Lloret concluded that there was probable cause to believe: (1) that Frazer possessed with intent

to distribute 40 grams or more of fentanyl and acetyl fentanyl, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B), which carries a maximum possible penalty in excess of ten years in

prison, and (2) that Frazer possessed of a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c).  18 U.S.C. § 3142(e)(3)(A),(B).  However, Frazer can rebut this

presumption of detention by "produc[ing] some credible evidence forming a basis for his

contention that he will appear and will not pose a threat to the community." *United States v.*

*Carbone*, 793 F.2d 559, 560 (3d Cir. 1986). To determine whether Frazer has rebutted this

presumption, the Court applies the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and

circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the

history and characteristics of the person, and (4) the nature and seriousness of the danger to any

person or the community that would be posed by the person's release. *Id.*; 18 U.S.C. § 3142(g).

The Government, however, retains the ultimate burden of persuasion. *United States v. Perry*,

788 F.2d 100, 115 (3d Cir. 1986). To meet its burden of persuasion, the Government must

establish Frazer's risk of flight by a preponderance of the evidence, *United States v. Matthews*,

No. CRIM.A. 09-612-1, 2010 WL 2758704, at *1 (E.D. Pa. July 9, 2010), and Frazer's

dangerousness by clear and convincing evidence, *Perry*, 788 F.2d at 115.

     i.    *Nature and Circumstances of the Crimes Charged*

     Frazer is charged with running an international drug conspiracy to transport cocaine from

Caribbean island countries to the United States and employing Arizona women as his "drug

mules." Gov. Opp at 2. On July 31, 2018, one of his drug mules was caught at the Philadelphia

Airport with two suitcases containing four kilograms of cocaine for Frazer. *Id.* Frazer was

arrested with bags of hundreds of fake Oxycodone pills which actually contained 52.05 grams of

fentanyl and acetyl fentanyl hidden in the gas cap of his car. *Id.* He also had a pistol loaded with

12 live rounds of ammunition in the trunk. *Id.* Frazer faces a mandatory minimum sentence of

10 years' incarceration, a statutory maximum of life imprisonment, and a Federal Sentencing

Guidelines range of approximately 151-188 months incarceration. Gov. Opp. at 1. The charges

against Frazer are unquestionably serious and create a substantial incentive to flee.

*ii.    The Weight of the Evidence Against the Defendant*

The evidence against Frazer is strong.  Frazer was arrested with 52.05 grams of fentanyl

and acetyl fentanyl disguised to look like OxyContin pills hidden in the gas cap of his car and a

loaded pistol in the trunk.  Pretrial Detention Order at 1-3.  Additionally, the drug mule who was

stopped at the Philadelphia Airport with four kilograms of cocaine identified Frazer as the person

who recruited and directed her activity.  *Id.*  The strength of the evidence against Frazer creates

an incentive to flee.

*iii.    Defendant's History and Characteristics*

Frazer is subject to an active deportation order, which increases his risk of flight.  Frazer

admitted to using marijuana daily and using "M Box," the street name for Oxycodone, daily for

his back pain.  Pretrial Services Report at 3 (Feb. 6, 2019).  Frazer has one prior conviction for

Solicitation of Possession of Marijuana for Sale in 2005.  Frazer's Conviction Documents (Jan.

24, 2005).  He was sentenced to four months imprisonment and three years' probation.  *Id.*

Frazer argues that he has strong community and familial ties to Arizona that demonstrate he

would not flee if released.  Def. Reply ¶ 3.  However, he has no familial, financial or

employment ties to this District, which increases his risk of nonappearance.  In sum, Frazer's

criminal history, drug use, lack of ties to this community, and the active deportation order

establishes by a preponderance of the evidence that he is a risk of flight.

*iv.    The Nature and Seriousness of the Danger to the Community or to an Individual*

The Court disagrees with Frazer's assertion that "[t]here is . . . no information that

suggests that [he] will be a danger to the community if released temporarily on strict home

detention with electronic monitoring [in Surprise, Arizona, with his wife]."  Def. Reply ¶ 8.

Frazer is charged with running an international drug conspiracy to transport kilograms of cocaine

from Caribbean island countries to the United States and employing Arizona women as his "drug

mules."  Gov. Opp. at 2.  He was indicted by the grand jury for possession with intent to

distribute 40 grams or more of fentanyl and acetyl fentanyl, possession of a firearm in

furtherance of a drug trafficking crime, and conspiracy to distribute 500 grams or more of

cocaine.  Superseding Indictment.  Frazer's purported involvement in narcotics trafficking and

possession of a gun to further his drug trafficking shows that he is a danger to the community.

*United States v. Pitts*, No. CRIM. 09-204, 2010 WL 3303800, at *4 (W.D. Pa. Aug. 19, 2010)

("Safety of the community is implicated not only by violence, but also by narcotics trafficking. . .

. Several district courts have found that the combination of guns and drugs constitutes a danger

to the community."); *United States v. Levy*, No. CRIM.08-393, 2008 WL 4978298, at *2 (E.D.

Pa. Nov. 20, 2008) ("Danger to the community can come in many forms.  Those of mixing gun

possession with drug dealing, or recidivism indicating a propensity to commit further offenses

are two such forms.").  In sum, the Court concludes that all these facts are sufficient to establish

by clear and convincing evidence that Frazer presents a danger to the community.

  *v.* *Conclusion*

   The Court concludes that Frazer has failed to rebut the presumption of pretrial detention.

The Court also concludes that the government has satisfied its burden of persuasion by clear and

convincing evidence that Frazer presents a danger to the community, and by the lesser standard

of preponderance of the evidence that Frazer is a risk of flight.  Frazer's pretrial detention is

warranted.  The Court will now consider Frazer's argument that there is a compelling reason for

temporary release under 18 U.S.C. § 3142(i), which it will balance against his risk of flight and

danger to the community.

**B.  Frazer Reasons for Release Pursuant to 18 U.S.C. § 3142(i)**

Frazer argues that his asthma and severe sleep apnea place him at higher risk of serious illness or death should he contract COVID-19, and that the conditions at the FDC increase the likelihood that he will contract COVID-19.  Def. Mot. ¶¶ 3, 5-6, 13-15.  Frazer asserts that such risk is a sufficiently "compelling reason" for his temporary release under 18 U.S.C. § 3142(i). *See* Def. Mot. ¶¶ 5.[6]  The Court disagrees.

As discussed *supra*, Section 3142(i) of the Bail Reform Act states that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  18 U.S.C. § 3142(i).  Motions for temporary release under § 3142(i) cannot be based on "generalized COVID-19 fears and speculation."  *United States v. Washington*, No. 3:20-CR-00047, 2020 WL 2112343, at *5 (M.D. Pa. May 4, 2020); *United States v. Pritchett*, No. CR 19-280, 2020 WL 1640280, at *3 (W.D. Pa. Apr. 2, 2020) ("[S]peculation concerning possible future conditions does not constitute a 'compelling reason' for temporary release.").  Indeed, in the related context of compassionate release under the First Step Act, the Third Circuit recently cautioned courts that when evaluating a request for release, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's

---

[6]        Although the question of whether there is a compelling reason for a defendant's release under 18 U.S.C. § 3142(i) requires an individualized determination, *United States v. Robinson*, No. 19-371, slip op. at 4 (E.D. Pa. Apr. 21, 2020), the Court notes that several judges in this District have rejected nearly identical arguments from inmates detained at the FDC.  *United States v. Robinson*, No. 19-371, slip op. at 6, 12 (E.D. Pa. Apr. 21, 2020) (McHugh, J.) (denying defendant serving pretrial detention at FDC temporary release under § 3142(i) in light of COVID-19 where defendant was obese, had asthma, and had liver lesions); *United States v. Salley*, No. 19-688, slip op. at 2, 21 (E.D. Pa. Apr. 28, 2020) (Kearney, J.) (denying 37 year old defendant serving pretrial detention at FDC temporary release under § 3142(i) in light of COVID-19 where defendant was a kidney transplant recipient and suffered from asthma); see also *United States v. Nikparvar-Fard*, No. 18-101-1, slip op. at 12-13 (E.D. Pa. April 20, 2020) (Pratter, J.) (denying 50 year old defendant serving pretrial detention at FDC with asthma and depression release under § 3142 in light of COVID-19).

statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, No. 20-1682, — F. App'x —, 2020 WL 1545872, at *3 n.16 (3d Cir. Apr. 1, 2020) ("[T]he existence of some health risk to every federal prisoner as the result of [COVID-19] does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").

In response to COVID-19, the BOP has developed and implemented a plan to curtail the impact of the virus on federal inmates throughout the United States.[7]  Specifically, at the FDC, the BOP has employed several precautionary measures to mitigate the spread of COVID-19 that "include suspension of visitation, limiting inmate movement, screening all persons who enter the facility, quarantining all new commitments to our facility and modified operations within the housing unit to maximize social distancing along with providing masks to inmates and staff when social distancing in not possible."  Gallagher Report.  As of May 11, 2020, three staff members have tested positive for COVID-19.  *Id.*  In response, the BOP conducted "[c]ontact investigations" of the three staff members, and based on those investigations, the BOP reported that "it is not believed the staff members had contact with Mr. [Frazer]."  *Id.* Additionally, as of May 11, 2020, no inmates have tested positive for the virus.  *Id.*

The Court is aware of the dangers posed by COVID-19 and is sympathetic to Frazer's concern about COVID-19 given his asthma, but his arguments for release under 18 U.S.C. § 3142(i) are offset by the meaningful efforts by the BOP to protect the health of the detainees at the FDC.  After balancing the reasons Frazer advances for temporary release against his risk of flight and danger to the community, the Court concludes that Frazer has failed to establish a compelling reason for his temporary release under 18 U.S.C. § 3142(i).

---

[7]        Federal Bureau of Prisons COVID-19 Action Plan, Fed. Bureau of Prisons (last updated Mar. 13, 2020), https://www.bop.gov/resources/news/20200313_covid-19.jsp.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's First Motion for Pretrial Release is denied.  The Court's decision is without prejudice to Frazer's right file a second motion for pretrial release if warranted by additional evidence and the law as stated in this Memorandum.

An appropriate Order follows.